

ANNE
ARUNDEL
COUNTY
M A R Y L A N D

# Office of Law

Jonathan A. Hodgson, County Attorney

County Executive John R. Leopold

2660 Riva Road, 4th Floor
P.O. Box 6675
Annapolis, Maryland 21401
(410) 222-7888

**David A. Plymyer**
**Deputy County Attorney**
dplymyer@aacounty.org

March 27, 2008

Robert N. McDonald, Assistant Attorney General
Chief Counsel for Opinions and Advice
Office of the Attorney General
200 St. Paul Place
Baltimore, Maryland 21202-2021

Dear Mr. McDonald:

Thank you soliciting the views of the Anne Arundel County Office of Law on the request for an opinion that you received regarding Anne Arundel County's so-called "CIP School Planning and Design Contingency Fund." Based on our telephone conversation on November 26, 2007, I understood that the request for your opinion had been withdrawn. Today I was informed that the request has been renewed.

I assume from the context of the letter to you dated November 6, 2007 that the requestors are referring to County capital project no. C543400, titled "School Feasibility and Planning." This capital project was added by Amendment No. 50 to Bill No. 29-07, the County's Annual Budget and Appropriation Ordinance for Fiscal Year 2008.

The amendment was proposed by the County Executive at the request of members of the County Council under the authority of Section 709 of the Anne Arundel County Charter. The transmittal letter from the County Executive for the amendment, and the text of the amendment as proposed to Bill No. 29-07, are tabbed as Exhibit A.

The funds in capital project no. C543400 were *not* appropriated to the Anne Arundel County Board of Education, but were appropriated to a capital project within the budget of the County itself. The form and structure of the Annual Budget and Appropriation Ordinance adopted by the County Council reflect the statutorily required demarcation between the general County budget and the budget of the Anne Arundel County Board of Education, under principles of law with which you are quite familiar and I need not repeat.

Capital project no. C543400 was appropriated within the "C" class of capital projects, which denotes general County projects. Appropriations to the School Construction Fund in the budget of the Board of Education, the category described at § 5-101(b)(4) of the Education Article, are listed within the "E" (Board of Education) class of capital projects. The Explanation

{00047989.DOC; 1}

of Significant Capital Budget Items and Terms, and the Project Class Summary – Project Listings as approved by the County Council in the fiscal year 2008 budget, is tabbed as Exhibit B.

Exhibit C is the narrative detail of capital project no. C543400 as it appears in the Capital Budget and Program approved by the County Council. The project description reads as follows:

> "This project is to facilitate the timely development of feasibility studies and planning work for school projects eligible for IAC funding. The Board of Education may request funds from this project so as to sequence work on individual school projects to maximize the County's receipt of IAC funding."

I do not know the origin of the name "CIP School Planning and Design Contingency Fund" described in the November 6th letter, and it may be someone's informal characterization of the capital project. Additionally, the appropriation of funds to capital project no. C543400 is not a conditional (contingent) appropriation in the sense discussed in 62 *Op. Att'y Gen.* 99 (1977), because a subsequent appropriation *of the same funds* must occur before they can be spent by the Board of Education. In effect, the County is holding the funds in reserve within its own budget, albeit for a particular purpose.

The County Executive and County Council took action similar to the matter in question in the fiscal year 2000 budget. Prior to the adoption of the fiscal year 2000 budget by the County Council, I informed the County Auditor by memorandum of advice dated May 11, 1999 that a "transfer" of funds from such a County capital project to the Board of Education must be approved by an ordinance of the County Council that reappropriates the funds into one of the major categories of the budget of the Board of Education as described in § 5-101(b) of the Education Article. The "transfer" would take the form of what County law refers to as a "supplementary" appropriation to the budget of the Board of Education.

In an opinion dated November 10, 2003, we reviewed the authority of the County Council to make a supplementary appropriation (an additional appropriation after adoption of the annual budget) to the Board of Education, in light of 87 *Op. Att'y Gen.* 66 (2002). We concluded that Section 712 of the County Charter, which allows the Council by ordinance to approve a supplementary or emergency appropriation at the recommendation of the County Executive, was not preempted by State law and allowed the County Council to make supplementary appropriations of County funds to the budget of the Board of Education. Exhibit D is a copy of that opinion.

Therefore, a supplementary appropriation to the Board of Education within one of the major categories of the Board's budget as set forth in the Education Article is the vehicle by which the funds in capital project no. C543400 may be made available to the Board of Education. The County recognizes that, once the funds are appropriated to the Board's budget, the Board's use of the funds is constrained only by the provisions of Title 5 of the Education Article.

2

The decision to recommend a supplementary appropriation under Section 712 of the County Charter is a matter within the sole discretion of the County Executive. The decision to approve a supplementary appropriation, whether to a County agency or to the Board of Education, is a matter of legislative discretion for the County Council. Consequently, the appropriation of the funds now in capital project no. C543400 for expenditure by the Board of Education requires the concurrence of the County Executive and a majority of the members of the County Council.

Applying the analytical framework set forth in 81 *Op. Att'y Gen.* 26 (1996), we do not believe that capital project no. 543400 is an attempt to "regulate" within the field of financial aid to education. By appropriating the funds within the budget of the County, rather than attempting a conditional appropriation within the budget of the Board of Education, the County Executive and County Council stayed well within the limits of their authority.

Finally, it is worth discussing what would happen should it somehow be determined that the appropriation to capital project no. C543400 violated State law. Because the funds in the project were never appropriated to the Board of Education, the "remedy" is not going to be that the Board gets to spend the funds without further action by the County Council. If a supplementary appropriation to the Board of Education does not take place as described above (or if the funds are not transferred elsewhere within the budget of the County government under Section 711 of the Charter), the funds simply will lapse as provided by Section 713 of the County Charter and not get spent for anything.

Sincerely,

David A. Plymyer
Deputy County Attorney

DAP/ms

3